# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARISSA GOMEZ,

    *Plaintiff*,

v.

MMM CONSUMER BRANDS, INC.,

    *Defendant*.

_____/

Case No. 8:22-cv-02005

(*Removal of Pasco County Circuit Court Case No. 2022-CA-002008*)

## DEFENDANT MMM CONSUMER BRANDS, INC.'S NOTICE OF REMOVAL

Please take notice that MMM Consumer Brands Inc ("MMM Consumer Brands"), removes this action to the United States District Court for the Middle District of Florida, Tampa Division, together with a copy of all process and pleadings[1] served upon Defendant to date in the state court action. Defendant's grounds for removal are as follows:

### PROCEDURAL HISTORY

1. Via a Complaint filed on August 3, 2022, Plaintiff Marissa Gomez ("Gomez"), individually and on behalf of all others similarly situated, sued MMM Consumer Brands for violations under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA"). Compl. ¶ 1. A copy of the State Court complaint is attached as **Exhibit 1.**

2. The lawsuit is pending in the Sixth Judicial Circuit Court, in and for Pasco County, Florida under Case No. 2022-CA-002008 ("State Court Action").

---

[1] No orders have been served on the Defendant in the State Court Action.

3. On August 3, 2022, MMM Consumer Brands was served with a Summons and copy of the Complaint in connection with the State Court Action. A copy of the proof of service of the Summons and Complaint is attached as **Exhibit 2**.

4. MMM Consumer Brands timely files this Notice of Removal within 30 days of service in accordance with 8 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. L.R. 1.06(b), in addition to the Complaint and Summons, (which are attached as Exhibits 1 and 2), copies of the docket sheet and of each paper docketed in the State Court Action (that are not part of Exhibits 1 or 2) are attached as **Exhibit 3.**

6. This Court has personal jurisdiction over the parties.

7. Defendant MMM Consumer Brands LLC is the only named defendant in the Complaint. No other defendant is required to consent to this removal. 28 U.S.C. § 1453(b).

8. Venue is proper in this District in accordance with 28 U.S.C. § 1441(a). This case should be assigned to the Tampa Division, pursuant to M.D. Fla. L.R. 1.04(a) and 1.06(a), as the action was filed in Pasco County, Florida.

### ALLEGATIONS IN COMPLAINT AND BASIS FOR REMOVAL

9. The action is removable to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In CAFA, Congress granted the federal courts diversity jurisdiction over putative class actions where: (1) the citizenship

of at least one proposed class member is different from that of any defendant [*Id.* § 1332(d)(2)(A)]; (2) the putative class action consists of at least 100 proposed class members [28 U.S.C. § 1332(d)(5)(B)]; and (3) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interests and costs [*Id.* §§ 1332(d)(2), (d)(6)]. Each of these requirements is satisfied.

10. This action meets the CAFA definition of a class action, which is "any civil action filed under Fed. R. Civ. P. 23 or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).

11. Gomez is alleged to be a resident of the State of Florida. Compl. ¶ 12. MMM Consumer Brands is informed and believes that Gomez is a citizen of the State of Florida.

12. MMM Consumer Brands is a Delaware corporation with its principal place of business in New York.

13. For purposes of assessing minimal diversity under CAFA, pursuant to 28 U.S.C. § 1332(a)(1), Gomez is a citizen of Florida and MMM Consumer Brands is a citizen of Delaware and New York.

14. Because the citizenship of at least one member of the putative class is diverse from the citizenship of at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied here.

15. On behalf of the putative classes, Gomez seeks, among other relief, compensatory damages in the form of statutory damages under the FTSA (Fla.

Stat. § 501.059), and equitable and/or injunctive relief. Assuming, for the purposes of removal only, that the allegations in the Complaint are true, the amount in controversy exceeds $5 million, and the aggregate number of members of the putative class exceeds 100. *See* Compl., ¶ 21 (alleging that Gomez "believes the Class members number in the several thousands, if not more.") and ¶22 (alleging that "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida without their prior express written consent.").

16. Accordingly, based on Gomez's allegations, the aggregate number of class members is many times greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B) and the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). This is sufficient to establish that the case is removable under CAFA. *See, e.g., Schaefer v. Seattle Serv. Bureau, Inc.*, 2015 WL 6746614, at *3 (M.D. Fla. Nov. 5, 2015) (Chappell, J.) (stating that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.") (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014)). Evidence is not required at this time, and only ever required if "the plaintiff contests, or the courts question, such allegation[s]." *See Norris v. Freedom Life Ins. Co. of Am.*, 2020 WL 887707 at *1, n.2 (M.D. Fla. Feb. 24, 2020) (Honewell, J.).

17. The action does not fall within any exclusion to removal of

4

jurisdiction recognized by 28 U.S.C. § 1332(d), and therefore this action is removable pursuant to CAFA, 28 U.S.C. § 1332(d) and § 1453(b).

18. Given the large putative class and many forms of relief requested, CAFA's amount in controversy threshold is plainly met.

## CONCLUSION

19. This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

## NOTICE TO STATE COURT AND ADVERSE PARTY

20. Undersigned Counsel for MMM Consumer Brands certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Circuit Court for the Sixth Judicial Circuit of Florida, and served upon Gomez's counsel.

Dated: August 31, 2022    By: _____

Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Michael G. Zilber (FBN 1019146)
mzilber@carltonfields.com
Carlton Fields, P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136
Telephone: 305-530-0050

*Counsel for Defendant MMM Consumer Brands*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2022, this document was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record. Additionally, a copy of the foregoing document has been served on the following counsel via email transmission:

>Benjamin W. Raslavich
>Email: ben@thekrfirm.com
>*Counsel for Plaintiff*

>*s/ Aaron S. Weiss*
>Aaron S. Weiss